IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SEAN E. MCDONALD,

    **Plaintiff,**

    v.                                                      CASE NO. 22-3197-JWL-JPO

HAZEL M. PETERSON, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff proceeds *pro se* and *in forma pauperis* in this civil rights case. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. On November 14, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC"), granting Plaintiff until December 16, 2022, in which to show good cause why his Complaint should not be dismissed or to file a proper amended complaint to cure the deficiencies set forth in the MOSC. Plaintiff has failed to respond to the MOSC by the Court's deadline.

The underlying facts asserted in Plaintiff's Complaint are set forth in detail in the Court's MOSC. In general, he challenges staff's compliance with policies and procedures dealing with Covid-19. The Court found in the MOSC that Plaintiff's claims regarding the grievance process and the failure to properly respond to grievances are subject to dismissal for failure to state a claim; Plaintiff must state a federal constitutional violation and cannot rely on the violation of a KDOC policy or the Governor's Executive Order; state statutes do not provide a basis for liability under § 1983 which only protects rights secured by the Constitution and laws of the United States; and Plaintiff has failed to show that defendants disregarded an excessive risk to his health or safety or

1

that they were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference.

The Court found that another problem with Plaintiff's Complaint is that he seems to be making allegations and claims on behalf of the inmate population in general. Plaintiff alleges that on November 7, 2021, a staff member was allowed to remain at work while exhibiting Covid-19 symptoms at the Norton Correctional Facility, and according to his allegations in his Complaint, Plaintiff was at the Lansing Correctional Facility during that timeframe.

It is well-settled that a § 1983 claim must be based on the violation of Plaintiff's personal rights and not the rights of someone else. *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted). To the extent Plaintiff raises claims on behalf of others, a review of the allegations contained in his Complaint indicates he lacks standing to do so. To have standing, a prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury." *Swoboda v. Dubach,* 992 F.2d 286, 289 (10th Cir. 1993). "[G]eneral observations" about prison conditions are not actionable under 42 U.S.C. § 1983. *Id.* at 289–90.

Plaintiff has failed to respond to the Court's MOSC and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated December 28, 2022, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**